**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

LUIS ALVARADO-CRUZ,

Petitioner,

v.

CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,

Respondent.

No. 2:26-cv-03541-SHL-tmp

**ORDER GRANTING PETITION**

On November 11, 2026, Petitioner Luis Alvarado-Cruz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 was filed. (ECF No. 2.) He challenges the legality and constitutionality of his continued detention without a bond hearing. (Id. at PageID 5–7.) He is detained at the West Tennessee Detention Facility, and seeks, among other things, immediate release or a bond hearing. (Id. at PageID 4, 8.) Respondent responded on November 18. (ECF No. 8.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner.

**BACKGROUND**

Petitioner is a citizen of Honduras who entered the United States in 2001 as a minor. (ECF No. 2 at PageID 4; see also ECF No. 8-1 at PageID 48 (showing that Petitioner was born in 1993, presumably in Honduras).) He has a wife and daughter, who is a United States citizen. (ECF No. at PageID 4.) He has multiple siblings who live here. (Id.) On November 1, 2026, after he was released from the Robertson County, Tennessee jail, ICE arrested and detained him.

(Id.) Respondent contends that Petitioner has multiple previous arrets for driving under the influence in 2017, driving with a revoked license, possession of a controlled substance, and driving under the influence in 2023.[1] (ECF No. 8 at PageID 44.) Petitioner seeks, among other things, immediate release. (ECF No. 2 at PageID 8.)

**ANALYSIS**

Respondent concedes that this case is governed by Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (ECF No. 8 at PageID 43.) Respondent maintains that Petitioner should be required to exhaust administrative remedies before granting relief. (Id.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 46.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Here, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos v. Raycraft, 175 F.4th 713, 734 (6th Cir. 2026). ICE's decision to

---

[1] Respondent does not argue, however, that the Laken Riley Act mandates Petitioner's detention. Indeed, although the Act attaches immigration consequences to a number of criminal acts, it does not mention DUI or driving with a revoked license. See 8 U.S.C. § 1226(c)(1)(E) (requiring mandatory detention of noncitizens found to be "inadmissible" and who are charged with, arrested for, convicted of, or admit to committing "any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person").

detain him absent important procedural protections violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that although Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, to immediately release Petitioner, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 19th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE